IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00489-WJM-KLM

ARIELLE LAMOURE,

    Plaintiff,

v.

LIBBY GLASS, INC., a Delaware Corporation,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint [Docket No. 11; Filed March 11, 2013] (the "Motion"). Defendant has not responded to the Motion. As an initial matter, the Motion does not comply with D.C.COLO.LCivR 7.1A, which provides as follows:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

The Motion is subject to denial on this basis alone. Nevertheless, in the interest of expedience, the Court will consider the merits of the Motion.

The Court has discretion to grant a party leave to amend her pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

After carefully reviewing Plaintiff's First Amended Complaint and Jury Demand [#5] and proposed Second Amended Complaint and Jury Demand [#11-1], the Court agrees with Plaintiff that the proposed amendment is an effort to respond to the Court's concerns regarding jurisdiction. *See Order to Show Cause* [#4], *Response to Order to Show Cause* [#8], *Order* [#9]. Specifically, the Second Amended Complaint and Jury Demand includes information regarding the amount in controversy which was "not included in the previously filed complaints." *Motion* [#11] at 2. The proposed amendment does not add any new claims. Accordingly, the Court finds that Defendant will not be prejudiced by allowing the filing of the Second Amended Complaint and Jury Demand. Moreover, this case is still in its early stages, and Defendant has ample time to prepare its defenses. The Scheduling Conference is scheduled on May 22, 2013. *See Order Setting Scheduling/Planning Conference* [#13].

The Court also finds that Plaintiff has demonstrated good cause for amending her First Amended Complaint and Jury Demand [#5]. In these circumstances, "[i]t is eminently reasonable to allow Plaintiff to timely amend the [First Amended] Complaint so as to better

describe [her] claims." *Alpern Myers Stuart LLC v. Hartford Casualty Ins. Co.*, No. 11-cv-00176-CMA-KLM, Docket No. 22 at 2 (D. Colo. Jun. 30, 2011) (unpublished order) (quotation omitted).  Permitting such amendment will benefit both parties and the Court by clarifying the issues in the case.

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#11] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Second Amended Complaint and Jury Demand [#11-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint on or before **April 25, 2013.**

Dated:  April 11, 2013